961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher FLORIO, Sharon Florio, Plaintiffs-Appellees,
v.
Gary SKOREPA, the City of North Royalton, Defendants-Appellants.
 No. 91-3540.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Gary Skorepa appeals the denial of his motion to dismiss on grounds of qualified immunity in this civil rights action. Plaintiff Christopher Florio alleges first amendment and due process violations resulting in his suspension and discharge from municipal employment. The termination followed a speech by Florio at a City Council meeting during which he complained about several employment-related issues. Because we find, under the reasoning of Connick v. Myers,[1] that a portion of Florio's speech concerned a matter of only personal interest, we REVERSE in part and AFFIRM in part the District Court's denial of the motion to dismiss.
 
 
 2
 In reviewing the action of the District Court, we must first decide whether we are reviewing a Federal Rules of Civil Procedure 12(b)(6) motion to dismiss or the denial of a summary judgment.
 
 I.
 
 3
 Plaintiffs' complaint alleges that Christopher Florio was employed as a Laborer I in the Service Department of the City of North Royalton, Ohio. On September 18, 1989, he spoke at a meeting of the City Council of North Royalton. He complained that another city employee, a Laborer III, had been assigned a city car and was earning an excessive salary due to overtime awarded. He further asserted that the city's service director was being allowed to threaten employees with bodily harm.
 
 
 4
 The complaint further recites that Gary Skorepa, the Mayor of the City of North Royalton, suspended Florio from his position as a result of Florio's speech and eventually suspended his pay. Florio filed a Union Grievance. The arbitrator assigned the dispute ruled that the suspension was without just cause and reinstated Florio. The arbitrator did not award Florio back pay for the year of suspension.
 
 
 5
 The complaint alleges violations of Florio's right to free speech and to substantive due process under the First and Fourteenth Amendments to the Constitution. Florio and his wife, Sharon, sought damages for emotional distress, loss of consortium, declaratory relief, attorney's fees, and compensatory and punitive damages. The claims were against the City and against Skorepa in both his official and individual capacities.
 
 
 6
 Skorepa's motion to dismiss argues that the claims brought against him in his individual capacity should be dismissed on the basis of qualified immunity. The District Court, upon a oral motion by Florios' counsel, apparently allowed limited discovery relative to the issue of qualified immunity. The record is silent regarding discovery, but counsel indicated at oral argument that such permission was granted. The issue raised by the motion was then briefed by the parties. The District Court denied the motion by a margin entry without explanation. Skorepa filed a timely notice of appeal.
 
 II.
 
 7
 The record indicates that the district judge denied a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b), filed by Skorepa. Rule 12(b)(6) allows the defendant in a suit to move for dismissal where the plaintiff has failed "to state a claim upon which relief can be granted." Courts considering the validity of such a motion are limited to review of statements in the complaint and should not consider extraneous matters raised in support or resistance of the motion. If,
 
 
 8
 matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
 
 
 9
 Fed.R.Civ.P. 12(b).
 
 
 10
 The District Court, in considering Skorepa's motion, apparently allowed discovery on the issue of qualified immunity. Following submission of briefs by both parties, the district judge merely signed an order denying the motion. No explanation was provided nor was any indication given of what facts, documents, or evidence was considered by the judge in arriving at his decision. As noted, Rule 12(b) requires that once a court decides to treat a motion to dismiss as a summary judgment motion, opportunity must be given to the parties to present evidence relevant to a summary judgment motion. The parties in this case were never notified that the motion was being considered as a motion for summary judgment.
 
 
 11
 Because we find that the judge's denial of the motion to dismiss was made on a form indicating that it was ruling on a motion to dismiss and that the judge never notified the parties that he considered the motion as one for summary judgment, we will consider this appeal as one from the denial of a motion to dismiss. As such, we base our review on the contents of the pleadings only and will not consider extraneous evidence or testimony.
 
 III.
 
 12
 The doctrine of qualified immunity provides an "immunity from suit rather than a mere defense to liability ... [which is] effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The issues of qualified immunity and the protected status of speech both pose legal questions. Mitchell, 472 U.S. at 526 (addressing qualified immunity); Connick v. Myers, 461 U.S. 138, 148 n. 7 (1983) (addressing protected status of speech). Therefore, no deference is due the decision of the trial judge and this Court may address the issue de novo.
 
 
 13
 Public officials acting in their official capacity and performing discretionary functions have qualified immunity from individual liability for damages resulting from the discretionary functions. Davis v. Holly, 835 F.2d 1175, 1178-79 (6th Cir.1987). The doctrine of qualified immunity provides that the public official cannot be sued individually unless the conduct in question violates a "clearly established statutory or constitutional right of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800 (1982). The statutory or constitutional right allegedly violated must be so clearly established when the conduct was committed that any official in the defendant's position would understand that his conduct violates those rights. Anderson v. Creighton, 483 U.S. 635 (1987); Guercio v. Brody, 911 F.2d 1179 (6th Cir.1990), cert. denied, 111 S.Ct. 1681 (1991). In seeking to determine clearly established law, a district court is bound by the precedents of the Supreme Court, its court of appeals and itself. Ohio Civil Serv. Employees Ass'n v. Seiter, 858 F.2d 1171, 1174 (6th Cir.1988).
 
 
 14
 The Supreme Court decision in Pickering v. Board of Education, 391 U.S. 563 (1968) considered the violation of a right similar to the one alleged by Florio. The Supreme Court in Pickering held that a public employee's interest in speaking on matters of public concern is protected by the first amendment only "insofar as it is of greater weight than the employer's interest in 'promoting the efficiency of the public services it performs through its employees.' " Guercio, 911 F.2d at 1183 (quoting Pickering, 391 U.S. at 568). However, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640. Thus, the issue, properly stated, is whether reasonably competent officials could disagree on whether Florio's speech was protected. Garvie v. Jackson, 845 F.2d 647 (6th Cir.1988). This Court, in the decision of Guercio, held that First Amendment rights exist and are clearly established to an extent necessary to overcome a qualified immunity defense when the speech addresses a matter of public concern and when the speech does not unduly disrupt departmental discipline, efficiency, or morale. Guercio, 911 F.2d at 1185-86 (citing Pickering, 391 U.S. at 568).
 
 
 15
 We first address the question of whether Florio's comments before the City Council can fairly be categorized as a speech on matters of public concern. The Supreme Court has held that,
 
 
 16
 when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.
 
 
 17
 Connick, 461 U.S. at 147. The First Amendment is not implicated where personal interests are raised. Id. at 143. Florio contends that his speech addressed the public concerns of 1) the allocation of money via the use of a city car and paid overtime and, 2) threats against city employees by the City Service Director.
 
 
 18
 The Supreme Court, in Pickering, indicated that a matter of public concern would be one which presented a question that was determined by popular vote and involved an issue of public interest. 391 U.S. at 569-70. The Supreme Court further defined "public concern" in Connick finding it is "any matter of political, social, or other concern to the community." 461 U.S. at 146. This Court has interpreted those decisions several times. This Court upheld a motion to dismiss in Garvie finding that Garvie's "criticisms more closely resembled an employee's complaints regarding his superior's actions and his own responsibilities ... than a citizen's speaking out on a matter of public decisionmaking." 845 F.2d at 651. The decision in Barnes v. McDowell directly addressed discharged public employees and comments concerning public funds and government efficiency. 848 F.2d 725, 733 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). The Barnes' Court noted that "the mere fact that public monies and government efficiency are related to the subject of a public employee's speech do not, by themselves, qualify that speech as being addressed at a matter of public concern." Id. at 734. The Barnes' Court acknowledges, however, that allegations of misspending and inefficiency may imply that an agency or official is corrupt. Public corruption is a matter of public interest and warrants constitutional protection. Id. at 734 (citing Solomon v. Royal Oak Township, 842 F.2d 862, 865 (6th Cir.1988)).
 
 
 19
 The purposes behind Florio's remarks concerning the use of a public car by a public employee and the payment of excessive salary are not evident from the face of the complaint. This Court is unable to discern whether Florio's speech can be read as an allegation of public corruption or whether Florio merely sought the correction of work-related concerns in a public forum. The resolution of this uncertainty is necessary in order to determine whether his speech is a matter of public concern and deserving of constitutional protection. Therefore, we AFFIRM the decision of the District Court denying the motion to dismiss in order that the nature of Florio's speech on these issues may be deduced. As to Florio's complaints related to threats by his department head, clearly these complaints raise no issue of political or social concern to the community. Rather, Florio spoke on a matter of personal interest, already the subject of arbitration and negotiation, in a public forum. Because Florio's speech relating to threats by his department head was directed at issues outside the concern of the public, we REVERSE the decision of the District Court denying the motion to dismiss as it relates to this portion of Florio's speech.
 
 
 20
 The action is REMANDED to the District Court for further proceedings consistent with this opinion.
 
 
 
 [1]
 461 U.S. 138 (1983)